UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CR-00908-JAR |
| ) | |
| LAWRENCE CLARK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the motion will be denied.

## BACKGROUND

In June 2020, Defendant Lawrence Clark pleaded guilty to Distribution of Cocaine Base and Possession with Intent to Distribute Controlled Substances. Pursuant to the plea agreement, the Government dismissed two additional counts involving the possession of firearms. (Doc. 41). In October 2020, Clark was sentenced to 84 months in prison and three years of supervised release. He is currently incarcerated at Victorville Medium FCI in California, with a projected release date of March 20, 2026. He is 46 years old.

In May 2022, Clark filed a pro se motion for compassionate release, citing his poor health as well as the death of his minor children's mother, L'Oréal Penn, in November 2021. (Doc. 57). Clark does not describe the nature and extent of his health conditions, but his medical records indicate asthma, diabetes, obesity, and hypertension. (Doc. 57-3 at 13). In November 2023, Clark's public defender filed a supplement further elaborating on the status of Clark's two sons, then ages 18 and 13. Evidence filed with the motion reflects that, after Penn's death, her oldest

1

son became the boys' legal guardian. The Government filed a response acknowledging the family's hardships but opposing release as against the public interest. (Doc. 66).

## LEGAL STANDARDS

**First Step Act**

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). As relevant here, "extraordinary and compelling reasons" include: (1) a terminal illness such as end-stage organ disease; (2) a serious medical condition that substantially diminishes a defendant's ability to provide self-care in the facility and from which he is not expected to recover; (3) a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration or death; and (4) family circumstances such as the death or incapacitation of the caregiver of the defendant's minor children. U.S.S.G. § 1B1.13(b)(1) and (3).

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Relevant factors to this consideration include the nature of

the offense, the history and characteristics of the defendant, and the nature of the danger. *Id.* (incorporating the 18 U.S.C. § 3142(g) factors).

The third requirement focuses on the § 3553(a) factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. *See, e.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo 2019).

## DISCUSSION

As a preliminary matter, the Court finds, and the Government does not dispute, that Clark exhausted his administrative remedies by submitting a request to the warden of his facility in September 2023. (Doc. 64-1). On the merits, the Government also does not dispute the compelling nature of Clark's family circumstances but challenges the motion on grounds of public safety.

With respect to the first requirement of "extraordinary and compelling reasons" for a reduction in sentence, while the circumstances of Clark's children are certainly unfortunate, the record suggests that the only minor, now 14, is in the care of adult siblings. Additionally, Ms. Penn's obituary reflects the presence of a large extended family. (Doc. 64-3). And Clark has failed to establish that his common medical conditions rise to a level of severity supporting early release. Further, even if Clark's family or medical situation compelled a different conclusion, the

Court would still deny release based on other factors.

The second and third requirements for compassionate release focus on community safety and the history and characteristics of the defendant. These factors weigh heavily against early release here. As described in the presentence investigation report (Doc. 48), Clark has a history of criminal conduct including drug possession and distribution. At the time of his arrest, he was fleeing law enforcement while in possession of drugs and firearms and with two children in the vehicle. A search of his residence revealed additional drugs and firearms. Clark admitted that he sold drugs to support his family. Given these circumstances, Clark's scant employment history, and his disciplinary record in prison, the Court finds ample reason to fear that Clark would resume criminal activities upon release. The Court continues to believe that Clark's original sentence is fair and just punishment, especially considering the dismissal of the two firearms counts. The Court maintains its finding that Clark remains a danger to the community, and that his continued incarceration is necessary to protect public safety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for compassionate release is **DENIED**. (Doc. 57, 64).

Dated this January 21, 2025.

                                                                  _John A. Ross_
                                                                  JOHN A. ROSS
                                                                  UNITED STATES DISTRICT JUDGE

4